IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JACOB SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN GOOTKIN, and BILLINGS PRE-RELEASE,<br><br>Defendants. | CV 21-071-H-SEH<br><br><br>ORDER |

INTRODUCTION

Defendants Brian Gootkin and Billings Pre-Release ("BPRC") have filed separate motions to dismiss the Complaint.[1] Plaintiff Jacob Smith ("Smith") responded[2] to the motions and requested sanctions for violations of Fed. R. Civ. P. 11 by Defendants' counsel.[3] The motions to dismiss will be granted. Sanctions will be denied.

---

[1] Docs. 14 and 20 were filed as renewed motions after the Ninth Circuit's mandate on Plaintiff's interlocutory appeal at Docs. 25 and 26.
[2] Doc. 30.
[3] Doc. 30 at 6–7.

## BACKGROUND[4]

Smith is a state prisoner incarcerated at Montana State Prison ("MSP"). The Complaint alleges that Defendants discriminated against him due to his disabilities, in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA").[5]

Smith appeared before the Montana Board of Pardons and Parole on June 23, 2021, where he asserted that his various mental and physical health issues were discussed. Parole was denied but placement at BPRC, Billings, Montana was recommended. Admission to BPRC was denied.

Smith contends that denial of admission to BPRC was based on his health conditions, in violation of the ADA. Various forms of injunctive relief, declarative relief, and damages are sought.[6]

The Court previously prescreened Smith's Complaint. Several parties were dismissed.[7] Claims that survived prescreen included whether pre-release forms

---

[4] These facts are taken from Plaintiff's Complaint (Doc. 2) along with documents submitted to determine jurisdiction. (Docs. 15-1, 15-2, 21-1, 21-2, 21-3, 30-1.) The uncontroverted allegations in the Complaint have been taken as true unless contradicted by affidavit, in which case factual disputes, if any, have been resolved in Plaintiff's favor. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).
[5] Doc. 2 at 2; 42 U.S.C. § 12132 and 29 U.S.C. § 794.
[6] Doc. 2 at 29–31. The Court previously determined that Gootkin can only be sued in his official capacity for injunctive relief. (Doc. 4.)
[7] Doc. 4.

2

violate the ADA, whether pre-release meetings should be open to the public, and whether denial of admission to BPRC was in violation of the ADA. The remaining Defendants, BPRC and Brian Gootkin, have both filed motions to dismiss the surviving claims.

## DISCUSSION

### I. Billings Pre-Release's Motion to Dismiss

BPRC's motion to dismiss asserts lack of subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(1), and failure to state a claim upon which relief can be granted, under Fed. R. Civ. P. 12(b)(6).[8] The Court will address lack of jurisdiction first.[9]

BPRC asserts a lack of jurisdiction on both facial and factual grounds.[10] In the facial attack, the defendant asserts that the allegations contained the a complaint are insufficient on their face to invoke federal jurisdiction. In the factual attack, the defendant disputes the truth of allegations that, by themselves, would otherwise invoke federal jurisdiction.[11] BPRC asserts that Smith lacks standing to bring this suit. Smith must plead "(1) a concrete and particularized injury in fact

---

[8] Doc. 14.
[9] *Bell v. Hood*, 327 U.S. 678, 682 (1946).
[10] *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).
[11] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

that is both actual or imminent as opposed to conjectural or hypothetical; (2) a causal connection between the alleged injury and the defendant's challenged conduct; (3) a likelihood that a favorable decision will redress that injury, and (4) a sufficient likelihood the plaintiff will be wronged in a similar way by showing a real and immediate threat of repeated injury[,]" to establish standing in an ADA case seeking injunctive relief.[12] For a case to meet Article III's justiciability requirements, the complaint must not depend on "contingent future events that may not occur as anticipated, or indeed may not occur at all."[13]

Smith's allegations against BPRC are:

> BOPP chairman, Steve Hurd, personally contacted the Billings pre-release ("Alpha House") and stated at the hearing that Alpha House would accept Smith.[14] Alpha House denied Smith's application which requested ADA accommodations [sic].[15]

As to a facial challenge, the allegation against BPRC is only that it denied Smith's application. Altogether Smith may imply that the denial was due to his request for ADA accommodations, he does not so state. However, even if the entire allegation

---

[12] *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004).
[13] *Trump v. New York*, 141 S. Ct. 530, 535 (2020) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).
[14] The Court has viewed the video record of the hearing and determined that Hurd did not make the statement. (Doc. 15-2.) As now asserted, however, whatever Hurd may have said could not, in any event, bind BPRC. Therefore, Smith's assertion is irrelevant.
[15] Doc. 2 at 2.

4

were true, Smith has not plausibly alleged that he has been injured due to his disabled status or that any decision of the Court would redress that injury.

The Court need not accept controverted factual allegations as true. On the other hand it may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."[16]

The Court will not weigh facts, but rather, applying the standard for a motion for summary judgment, determine whether there are material disputed facts that prevent dismissal on the basis of jurisdiction.

> In ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment, as a resolution of the jurisdictional facts is akin to a decision on the merits. ... Therefore, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Unless that standard is met, the jurisdictional facts must be determined at trial by the trier of fact.[17]

Smith has not plausibly alleged an actual or imminent injury caused by BPRC that provides him standing for subject matter jurisdiction. The specific terms of Smith's allegation do not claim that BPRC denied him due to his mental

---

[16] *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).
[17] *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (internal citations omitted.) *Accord, Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).

or physical problems. However, even if he were to demonstrate, by amendment, "allegation of other facts[,]" the pleading's deficiencies would not be cured.[18]

Further, Smith cannot establish, without him first being assigned to BPRC, that BPRC would fail to accommodate his health needs. Unless Smith has been accepted to BPRC and not accommodated at that facility, any claimed harm is not "a concrete and particularized injury in fact that is both actual or imminent as opposed to conjectural or hypothetical."[19]

Finally, Smith has not established the element of redressability required by standing. Redressability is satisfied where it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."[20] Even if the Court were to order BPRC to accommodate any disability Smith might have, it could not, given Smith's prior escapes, order BPRC to accept him.

Smith lacks standing to bring suit against BPRC.

**II. Gootkin's Motion to Dismiss**

Smith's Complaint makes no factual allegation against Gootkin. Rather, Smith asserts that by naming Gootkin in his official capacity for injunctive relief,

---

[18] *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).
[19] *Fortyune*, at 1082.
[20] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotation marks and alterations omitted).

Gootkin represents whatever is a measurable injury allegedly caused by the Department of Corrections, if the injury can be remedied by injunction. However, Smith must properly demonstrate that a policy or custom of the Department of Corrections was the moving force behind the alleged violation.[21]

Smith identified three Department of Correction policies in his Complaint that could possibly relate to his assignment in pre-release: (1) the policy regarding work at pre-release centers;[22] (2) a policy related to financial assistance for inmates;[23] and (3) a policy about recycling pre-release applications.[24] None plausibly addresses Smith's claim that he was discriminated against by the denial of his application to BPRC. Smith was never approved for placement at BPRC, due to his prior escapes, and therefore, whether he would have to work or otherwise subsidize his stay is not a ripe injury that bestows standing on Smith.

Finally, Smith lacks standing in his claim against Gootkin. The injunctive relief cannot redress the claim. No matter what policies DOC implements regarding qualifications for pre-release, pre-release can be denied to an applicant who previously, failed to complete the same program due to an escape.

---

[21] *Hafer v. Melo*, 502 U.S. 21, 25 (1991).
[22] Doc. 2 at 22.
[23] *Id.* at 23.
[24] *Id.* at 28.

7

w

### III. Failure to State a Claim

The Court has determined Smith's Complaint should be dismissed on subject matter jurisdiction grounds. It need not consider whether it fails to state a claim under Rule 12(b)(6).

### IV. Open Meeting Laws

Smith's Claim regarding open meetings at BPRC is solely a state law claim, arising out of Mont. Code Ann. § 2-3-101. Exercise of the Court's supplemental jurisdiction over Smith's state law claim is declined.[25]

### V. Request for Sanctions

Smith contends that Defendants Gootkin and BPRC violated Fed. R. Civ. P. 11(b).[26] Smith asserts that Defendants' motions violate every subsection of Rule 11(b). He concludes that Defendants should be sanctioned because their motions are not supported by facts or law. The motions are well grounded in fact and law. The request for sanctions is denied.

### ORDERED:

Defendant Billings Pre-Release Center and Defendant Gootkin's Motions to Dismiss for lack of subject matter jurisdiction are GRANTED.

---

[25] 28 U.S.C. § 1367.
[26] Doc. 30 at 6.

8

The case is DISMISSED with prejudice.

DATED this 12th day of July, 2022.

SAM E. HADDON
United States District Judge